**Bernice SIKORA**

v.

**CITY OF PHILADELPHIA.**

**No. CIV. A. 99–1301.**

United States District Court,
E.D. Pennsylvania.

Oct. 6, 1999.

Howard L. Bobb, Philadelphia, PA, for Plaintiff.

Mary L. Schmidt, City of Philadelphia Law Dept., Philadelphia, PA, for Defendant.

## ORDER–MEMORANDUM

LUDWIG, District Judge.

AND NOW, this 6th day of 'October, 1999, defendant City of Philadelphia's motion for summary judgment is denied. Fed.R.Civ.P. 56.[1]

■ Defendant moves for summary judgment on plaintiff's Age Discrimination in Employment Act (ADEA) claim.[2] 29 U.S.C. §§ 621 *et seq.* Defendant argues that plaintiff failed to meet the filing requirements under 29 U.S.C. §§ 626(d), 633(b).[3] Specifically, plaintiff received a

"right to sue" letter from the Pennsylvania Human Relations Commission (PHRC) dated November 4, 1998, and filed her federal ADEA complaint on March 11, 1999—127 days later. The only basis for defendant's motion for summary judgment is plaintiff's failure to file within 90 days of receipt of the letter from the PHRC.

Plaintiff's letter from the PHRC states as follows:

It has been one year since you filed your complaint with the [PHRC]. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43 P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. *The Commission is continuing to process your case,* and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the commission to continue handling your case.

Def. Motion, Ex. C (emphasis added).

Defendant cites to *McNaboe v. NVF Co.,* Civ. A. No. 97–558, 1998 WL 661455, *3 (D.Del. July 30, 1998) for its interpretation

---

1. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The movant has the burden of showing that there is no triable issue. The opposing party must point to specific, affirmative evidence in the record—and not simply rely on allegations or denials in the pleadings—in order to defeat a properly supported motion. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Knabe v. Boury Corp.,* 114 F.3d 407, 410 n. 4 (3d Cir.1997).

2. Defendant's motion only encompasses plaintiff's ADEA claims. Plaintiff was granted leave to file an amended complaint on August 23, 1999 to include a retaliation claim. Defendant's motion for summary judgment

was filed before plaintiff's amended complaint.

3. ADEA § 626(d):

"No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—1) within 180 days after the alleged unlawful practice occurred....
ADEA § 633(b):
"... no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated...."

of the filing requirements of ADEA §§ 626(d), 633(b). *McNaboe* held that, unlike Title VII, the "ADEA does not require that a claimant obtain a 'right-to-sue' letter prior to commencing suit." *Id.* The court allowed the claimant, who filed his complaint first in federal court, to proceed without having exhausted his administrative remedies. *McNaboe* does not stand for the proposition that a claimant must file a federal claim within 90 days of receiving a "right-to-sue" letter that informs the claimant the Commission is continuing to pursue the claim.

Defendant ignores the plain reading of ADEA § 626(e):

> If a charge filed with the Commission under this chapter *is dismissed or the proceedings of the Commission are otherwise terminated by the Commission,* the Commission shall notify the person aggrieved. A civil action may be brought under this section ... against the respondent named in the charge within 90 days after the receipt of such notice.

(emphasis added).

■ The statute does not require plaintiff to proceed within 90 days *until* the Commission has dismissed the claim or the proceedings have been otherwise terminated.[4] Plaintiff's letter dated November 4, 1998 did not terminate the proceeding, but notified her that the PHRC would "continue to process [her] case."[5] Plaintiff herself terminated the PHRC proceedings by filing her claim in federal court.

---

4. Plaintiff cross-filed her administrative complaint with the EEOC and the PHRC.

5. The notice requirement under 43 P.S. § 962 provides, "If within one (1) year after filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant." This is an obligation of the PHRC, not the claimant. "The Legislature's purpose in requiring 'such a notice' was not to limit (by

Defendant has not given any reason to conclude that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56.

■

creating a jurisdictional prerequisite) but rather to expand the rights of the victim." *Snyder v. Pennsylvania Ass'n of School Retirees,* 389 Pa.Super. 261, 269, 566 A.2d 1235, 1239 (1989). "Pennsylvania courts interpret this receipt of notice portion of § 962(c) not as a jurisdictional prerequisite to a suit brought by a complainant but merely as a reference to the statute's requirement that the PHRC issue notices to complainants." *Shafer v. Murata Wiedemann, Inc.,* Civ. A. No. 92–4969, 1993 WL 45980 (E.D.Pa. Feb.18, 1993).